## PROSPERITY CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

No. 79, Docket 22423.

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1952.

Decided Jan. 5, 1953.

Laurence Sovik, Syracuse, N. Y. (Martin F. Kendrick, Syracuse, N. Y., of counsel), for petitioner.

Charles S. Lyon, Ellis N. Slack, Lee A. Jackson and Hilbert P. Zarky, Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The facts are stated in the findings and opinion of the Tax Court, reported in 17 T.C. 171.

The Tax Court based its decision on I.R.C. § 113(a) (7), 26 U.S.C. § 113(a) (7). The taxpayer contends, and the government virtually concedes, that, on the undisputed facts, this statutory provision does not apply. But the government argues that § 113 (a) (8) does apply and that it sustains the Tax Court's decision. With this argument we agree.

The corporate resolutions adopted at the April 13, 1926 meeting show that no stock was issued for the patents and trade-name in question. While perhaps the previous agreement of February 3, 1926 might be said to show a different intent, *i. e.,* to have some stock issued for that property, any resulting ambiguity is resolved by the fact that subsequently, in their returns for 1926, neither the transferors nor petitioner treated the exchange of any of the stock as giving rise to a taxable transaction. Accordingly, the petitioner acquired the pat-

ents and the trade-name "as paid-in surplus or as a contribution to capital," so that under § 113(a) (8) the petitioner's basis must be "the same as it would be in the hands of the transferor". In determining the "equity invested capital", under the statute and regulations,[1] the property so received from a shareholder is to be included in such capital in an amount measured by the transferors' basis.[2]

Affirmed.

---

1. 26 U.S.C., 1946 ed. § 718(a) (2) and § 35.718.1 of Treasury Regulations 112.

2. We reach the same result if, in the alternative, this property is regarded as costing the petitioner nothing, so that the basis is zero.